MICHAEL L. CARVER, SBN 173633
PATRICIA A. SAVAGE, SBN 236235
**LABOR LAW OFFICE**
A Professional Corporation
1395 Ridgewood Drive
Chico, CA  95973, Ste. 300
Telephone:  (530) 891-8503
Fax:  (530) 891-8512

LARRY L. BAUMBACH, SBN 50086
**LAW OFFICES OF LARRY L. BAUMBACH**
686 Rio Lindo Avenue,
Chico, CA  95926
Telephone: (530) 891-6222
Fax:  (530) 893-8245

Attorneys for Plaintiff,
RAZI WAIN LOVETT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RAZI WAIN LOVETT<br><br>            Plaintiff,<br><br>     v.<br><br>SKYWAY MACHINE INC., and DOES 1-10<br><br>            Defendants. | **Case No.**<br><br>**COMPLAINT** |

Plaintiff RAZI WAIN LOVETT, complains and alleges as follows:

## I.  INTRODUCTION

1. This case arises out of unlawful employment practices, including race discrimination and constructive discharge in violation of the California Fair Employment and Housing Act §12940 et seq. and Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

1

COMPLAINT

Plaintiff RAZI WAIN LOVETT ("Plaintiff" or "Lovett") was a member of a protected class, was qualified for his position, was constructively discharged and/or terminated based on his race. Further the Defendant, SKYWAY MACHINE INC. ( "Defendant" or "Skyway") created and/or knowingly permitted intolerable and aggravated working conditions, which compelled and resulted in Plaintiff's constructive discharge.

## II.   JURISDICTION AND VENUE

2.     Pursuant to 28 USC §1331, jurisdiction is proper in this Court because the claims raise a federal question. The acts complained of occurred in the State of California, County of Tehama , therefore, venue is proper in this court.  The monetary claims of the Plaintiff are within the jurisdiction of this court.

## III.   THE PARTIES

3.     Plaintiff RAZI WAIN LOVETT ("Plaintiff" or "Lovett")was at all times herein relevant, as an employee of the Defendants or is otherwise eligible to bring this action.  Plaintiff was employed by the Defendants to perform services in the County of Tehama, State of California, commencing in approximately 2007 and continuing thereafter until his constructive termination on or about August 10, 2011.

4.     The Plaintiff is informed and believes and thereon alleges that Defendant SKYWAY MACHINE, INC. is a California Corporation operating in the County of Tehama, wherein the alleged acts occurred and the obligations incurred, and was the employer of the Plaintiff.

5.     Defendants DOES 1 through 10, are owners, partners, operators, managers, subsidiaries of or owned entities of Defendant through which its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action, or are persons otherwise responsible for the discrimination alleged, who were conducting business in the State of California.  Plaintiff is ignorant of the true

names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each of the Defendants and their employees, whether specifically named, designated as a DOE, or otherwise identified was the agent, servant and employee of each of the remaining co-Defendants and, in doing the things herein alleged, was acting within the course and scope of said agency, employment and service with the advanced knowledge, consent and ratification of each of the remaining Defendants.

## IV. BACKGROUND

7. Plaintiff is informed and believes and thereupon alleges that SKYWAY MACHINE INC., sometimes denoted as SKYWAY AMERICAN MADE COMPOSITE WHEELS, owns and operates a business establishment located at 4451 Caterpillar Road, Redding California.

8. The acts complained of herein were either approved, ratified, condoned or taken by one or more managing agents of the Corporate Defendants, each of whom had authority to make policy and/or to direct a substantial portion of Defendant's business.

9. Plaintiff is an African-American man and is a member of a protected class.

10. Plaintiff was hired by Defendant on or about January 10, 2007 and performed services as an hourly employee..

11. Plaintiff's work was supervised by various owners and officers of Defendant, including, but not limited to Joe Cambera and David Allen Keykendall.

12. Shortly after being hired, Plaintiff was subjected almost daily to insults based on his race.

13. At all times material hereto, Mr. Keykendall targeted Lovett with racial insults,

including but not limited to accusing Plaintiff of "being a thief because that's just what his people do", that "all black people are con-artists" and that he was as "dumb as his mama for voting for Obama."

14. During the course of Plaintiff's employment, Plaintiff was also told that "dumb niggers aren't smart enough to patent any machine" and that he was "owned by the company" while he was on work premises.

15. In July 2011, Plaintiff took up a collection for co-worker, whose child had recently been hospitalized. As Plaintiff began to collect money for the co-worker, Supervisor Keykendall told Plaintiff's co-workers that they shouldn't give any money for the collection because "Lovett would just steal the money, because that's what his people do".

16. On or about August 10, 2011, Plaintiff asked for a meeting so that he could discuss his frustration with the continued harassment and racial comments. In response to Plaintiff's request, Plaintiff's Supervisor, Joe Cambera, informed Plaintiff that, "it was just not going to change".

17. Plaintiff had continued to work during the previous four years despite the ongoing racial harassment because he had a family that he needed to support. But after Plaintiff was told that "nothing was going to change", the work place condition became intolerable.

## V. VIOLATIONS ALLEGED
### FIRST CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
**(Plaintiff LOVETT against each Defendant)**

18. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Defendant employs in excess of five (5) employees.

20. Plaintiff timely filed a charge of discrimination against the Defendants with the California Department of Fair Employment and Housing, and received his right to sue letter. This action follows timely thereafter.

21. At all times herein mentioned, California Constitution, Article I, § 8, California Government Code §, 12900-12940, 12960- 12996 were in full force and effect, and were binding on Defendants. Said sections and laws, *inter alia*, mandated that Defendants refrain from discriminating against any employee on the basis of race or national origin, among other things.

22. Plaintiff is now, and was at all times material hereto an African American man—a member of a protected class.

23. Beginning in or about 2005, Defendants continually, consistently and unlawfully discriminated against Plaintiff on the basis of his race, ethnicity and national origin (African-American) by knowingly and intentionally making racial slurs against Lovett based on his race and knowingly and intentionally creating a workplace which resulted in Plaintiff's termination.

24. Defendants' discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race, national origin and ethnicity, in violation of the California Constitution and Government Codes referenced above.

25. As a direct and proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

26. As a further proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional distress, and has been injured in mind and body in an amount according to proof.

27. Defendants' above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

COMPLAINT

28. As a further and proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, *et seq.*

Wherefore, Plaintiff requests relief as hereinafter prayed for.

## SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### (Plaintiff LOVETT against each Defendant)

29. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Defendant has intentionally discriminated against Plaintiff in violation of Title VII of he Civil Rights Act of 1964, 42 USC §2000e-2(a)(1) by a pattern and practice of harassment and discrimination based upon the Plaintiffs race.

31. Plaintiff timely filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission and received his right to sue letter. This action follows timely thereafter.

Wherefore, Plaintiff requests relief as hereinafter prayed for.

## THIRD CAUSE OF ACTION

### (CONSTRUCTIVE DISCHARGE)

### (Plaintiff LOVETT against each Defendant)

32. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Plaintiff was forced to quit his employment because the Defendant created an intolerable and hostile work condition. A reasonable person would have quit under the same circumstances.

34. As a direct and proximate result of Defendant's constructive termination, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish

and emotional distress, loss of earnings and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of defendants described above was done with malice fraud and oppression and with conscious disregard for his rights.  Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive damages from all Defendants in a sum according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General and Special damages according to proof;
2. Punitive damages for Defendants' malicious and oppressive actions described herein;
3. Reasonable attorneys' fees and costs; and
4. Any other relief as the court deems just and proper.

Dated: August 17, 2012            LABOR LAW OFFICE, A.P.C
                                  LAW OFFICES OF LARRY L. BAUMBACH

                                  __/s/ Patricia A. Savage_____
                                  Patricia A. Savage
                                  Attorney for Plaintiff
                                  RAZI WAIN LOVETT

/

/

/

             /

7

COMPLAINT

## DEMAND FOR A JURY TRIAL

Plaintiff Razi Wain Lovett hereby demands a trial by jury of all issues in this action for which he has the right of a jury trial.

Dated: August 17, 2012                    LABOR LAW OFFICE, A.P.C
                                                                  LAW OFFICES OF LARRY L. BAUMBACH


                                                                  /s/ Patricia A. Savage
                                                                  Patricia A. Savage
                                                                  Attorney for Plaintiff
                                                                  RAZI WAIN LOVETT

COMPLAINT